IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 3 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 07-cv-02421-ZLW

CHRIS MYERS, a.k.a. CHRISTOPHER ORVILLE MYERS,

     Plaintiff,

v.

[NO NAMED DEFENDANT],

     Defendant.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Chris Myers, a.k.a. Christopher Orville Myers, is in the custody of the United States Bureau of Prisons and currently is incarcerated at Victorville USP in Adelanto, California. On March 24, 2008, Plaintiff filed a *pro se* "Motion to Vacate Order of Dismissal and/or Notice of Appeal." The Court must construe the Motion liberally because Mr. Myers is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.

Mr. Myers' Motion was filed more than ten days after the Court's March 4, 2008, Order of Dismissal. Although Mr. Myers dated the Motion, March 18, 2008, he has not met the burden he is required to meet to establish his entitlement to the benefit of the mailbox rule under *Houston v. Lack*, 487 U.S. 266 (1988), that provides a basis for considering the Motion as filed pursuant to Fed. R. Civ. P. 59(e). *See Price v. Philpot*, 420 F.3d 1158 (10th Cir. 2005). Therefore, the Motion is construed as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Myers failed to cure the deficiencies identified in the November 19, 2007, Order within the time allowed. In the Motion to Reconsider, Plaintiff contends that on November 27, 2007, he sent a packet to this Court that contained an original Prisoner Complaint and a certified account statement in response to the Court's November 19, 2007, Order. Plaintiff further contends that prison staff failed to send the packet to this Court.

Nonetheless, subsequent to November 27, 2007, Plaintiff submitted three amended prisoner complaints in this action that were not on Court-approved forms. The Court finds no reason why Mr. Myers would file the three complaints on incorrect forms if indeed he had made a carbon copy of the Complaint that he alleges he submitted to BOP prison staff, on November 27, 2007, for filing with this Court, in response to Magistrate Judge Boland's November 19, 2007. Mr. Meyers should have submitted the carbon copy, or a copy of the carbon copy, to the Court in place of the three complaints that were submitted to the Court on incorrect forms.

2

Plaintiff does not assert that the carbon copy was taken from him. He also is not able to assert to that he did not have access to his legal papers due to his transfer because at least one of the three complaints was signed on December 15, 2007, and received by the Court on December 27, 2007, prior to his transfer on December 28, 2007. Only now, after the Court has dismissed the Complaint and action for failure to comply with the November 19, 2007, Order, does Plaintiff submit to the Court a copy of the carbon copy he claims he made of the Complaint that he attempted to submit to this Court on November 27, 2008.

Moreover, after Plaintiff was transferred, he did not inform the Court of his new address. In accordance with Rule 10.1M. of the Local Rules of Practice of the United States District Court for the District of Colorado-Civil, a party must file a notice of a new address within ten days of any change of address. It is not the BOP's responsibility to inform the Court of Plaintiff's new address or to forward his mail. Even now, Plaintiff has failed to submit a change of address notice to the Court.

Therefore, the Court finds that Plaintiff has failed to set forth extraordinary circumstances that would justify relief under Rule 60(b). Plaintiff again is warned, as he was warned in *Myers v. Capt. John Doe, et al.*, No. 07-cv-02229-BNB, Doc. No. 2 (D. Colo. Mar. 21, 2007), that he has been found to be an abusive litigator and is subject to filing restrictions under 28 U.S.C. § 1915(g), *See Myers v. Unknown Defendants*, No. 03-cv-90695-RP (S. D. Iowa Dec. 11, 2003) (dismissed pursuant to § 1915(g); citing previously dismissed frivolous cases). The Court will not tolerate incredulous filings of imminent danger and without hesitation will sanction Mr. Myers for abuse of the Court's judicial resources. Accordingly, it is

3

ORDERED that Plaintiff's March 24, 2008, Motion to Vacate Order of Dismissal and/or Notice of Appeal is construed in part as a Motion to Reconsider filed pursuant to Fed. R. Civ. P. 60(b) and is denied. It is

FURTHER ORDERED that the Motion to Vacate Order of Dismissal and/or Notice of Appeal is construed in part as a Notice of Appeal. It is

FURTHER ORDERED that the Clerk of the Court is instructed to process the Notice of Appeal accordingly.

DATED at Denver, Colorado, this _3_ day of _April_ , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 07-cv-02421-BNB

Chris Myers
Reg. No. 11921-030
USP Florence
PO Box 7000
Florence, CO 81226

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on \_\_H-3-08\_\_

GREGORY C. LANGHAM, CLERK

By:_____
        Deputy Clerk